# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA GUTIERREZ,<br><br>       Plaintiff,<br><br>v.<br><br>MEDTRONIC'S PLC and COVIDIEN LP, JOHN DOE (A through L), COMPANY (M through Z), these names being Fictitious,<br><br>       Defendants. | CASE NO.<br><br>Removed from the<br>Superior Court of New Jersey<br>Bergen County – Law Division<br>Docket No. BER-L-002257-22<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, Defendant Covidien LP ("Covidien"), by and through undersigned counsel, files this Notice of Removal to remove this civil action from the Superior Court Of New Jersey, Bergen County – Law Division, Docket No. BER L-002257-22, to the United States District Court, District of New Jersey at Newark and, in support thereof, states as follows:

    1.    On April 21, 2022, Plaintiff Maria Gutierrez ("Plaintiff") filed her Complaint in the Superior Court of New Jersey, Bergen County – Law Division, in the civil action styled *Maria Gutierrez v. Medtronic's plc; Covidien LP; John Doe (A through L); and Company (M through Z)*, as Docket No. BER L-002257-22 ("State Court Action"). A true and correct copy of all process and pleadings served upon Covidien is attached hereto as **Exhibit A** and incorporated herein by reference.

    2.    The Complaint alleges that Hector Garcia-Nunez passed away while hospitalized at Hackensack Meridian Hospital and using a ventilator allegedly manufactured by Covidien due to Covid-19 complications. Plaintiff makes claims for negligence, strict liability, strict products

liability: failure to warn, and loss of consortium and seeks compensatory damages, plus interest, costs and attorneys' fees. *See* Ex. A at Compl.

3. It was not until August 17, 2022 that Plaintiff served her Complaint on Covidien in its Eatontown, New Jersey facility by process server. *See id.* at Aff. of Service.

4. Pursuant to 28 U.S.C. § 1332, there is now complete diversity between Plaintiff and all Defendants and, upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Covidien received notice of the filing of this action and a copy of Plaintiff's Complaint when it was served with process, on August 17, 2022.

6. This Notice of Removal is timely because it is filed within thirty (30) days after Covidien first received a copy of the Complaint and because it is filed less than one year after this action commenced. *See* 28 U.S.C. § 1446(b)(1) and (c).

## DIVERSITY OF CITIZENSHIP

7. Complete diversity of citizenship exists between the parties.

8. Plaintiff Maria Gutierrez is a citizen of New Jersey for purposes of diversity jurisdiction. Specifically, she has pled that she is a resident of Hackensack, New Jersey. (Compl. pg. 2).

9. Defendant Covidien LP is a limited partnership. The citizenship of a limited partnership is determined by the citizenship of its partners. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Defendant Covidien LP is a Delaware limited partnership with its principal place of business in Massachusetts. Covidien LP has one general partner: Covidien Holding, Inc. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Defendant Covidien Holding, Inc. is a Delaware corporation with its principal place of business in Massachusetts. The citizenship of Covidien LP's limited partners are as follows:

- Sherwood Medical Company I is a Delaware corporation with its principal place of business in Massachusetts;

- United States Surgical Corporation is a Delaware corporation with its principal place of business in Massachusetts;

- Valleylab Holding Corporation is a Delaware corporation with its principal place of business in Colorado;

- VNUS Medical Technologies II, Inc. is a Delaware corporation with its principal place of business in Massachusetts;

- Life Design Systems Inc. is a Wisconsin corporation with its principal place of business in Massachusetts;

- Covidien US Holdings, Inc. is a Delaware corporation with its principal place of business in Massachusetts;

- Newport Medical Instruments, Inc. is a Delaware corporation with its principal place of business in Minnesota;

- Batts, Inc. is a Delaware corporation with its principal place of business in Massachusetts;

- Lazarus Effect, Inc. is a Delaware corporation with its principle place of business in Minnesota;

- MSCH LLC is a Delaware limited liability company with its principal place of business in Massachusetts:

    o MSCH LLC's only member is Mallinckrodt US LLC, which is a Delaware limited liability company with its principal place of business in Massachusetts;

    o Mallinckrodt US LLC's only member is United States Surgical Corporation, which is a Delaware Corporation with its principal place of business in Massachusetts;

3

- Nellcor Puritan Bennett LLC is a Delaware limited liability company with its principal place of business in Colorado:

    - Nellcor Puritan Bennett LLC's only member is United States Surgical Corporation, which is a Delaware corporation with its principal place of business in Massachusetts.

10. Covidien LP is therefore a citizen of Colorado, Delaware, Massachusetts, Minnesota, and Wisconsin. Covidien LP is not, and was not at the time of filing, a citizen of the State of New Jersey within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1).

11. Defendant Medtronic plc is a public limited company incorporated under the laws of Ireland with a principal place of business in Dublin, Ireland. Medtronic plc is therefore a citizen of Ireland. Medtronic plc is not, and was not at the time of filing, a citizen of the State of New Jersey within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1). Medtronic plc has not been properly served with original process as of the date of this Notice of Removal.

12. For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. A defendant may utilize the allegations in a complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997), citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Alternatively, a defendant may set forth facts in its notice of removal that demonstrate that the amount in controversy exceeds $75,000. *Singer*, 116 F.3d at 377.

14. Where, as here, a complaint does not limit its request to a precise monetary amount, the district court makes "an independent appraisal of the value of the claim." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

15. Plaintiff states claims for negligence, strict liability, strict products liability – failure to warn, and loss of consortium arising from the purportedly defective ventilator that allegedly caused the death of Mr. Garcia-Nunez and "in addition, ***substantial*** monetary losses and other damages"; and the loss of "companionship, services, society, support and [] marital association." (Compl. ¶¶ 8, 16, 24, 27).

16. Accordingly, the Complaint places at issue more than $75,000, exclusive of costs and interest, and these alleged damages exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## **THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

17. A copy of this Notice of Removal is being filed with the Clerk of the Court in the State Court Action, as provided by law, and written notice of such is being sent to Plaintiff's counsel.

18. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19. The allegations of this Notice are true and correct and within the jurisdiction of this Court, and this cause is removable to this Court.

20. If any question arises as to the propriety of the removal of this action, Covidien respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

WHEREFORE, Covidien LP, hereby gives notice that the matter styled as *Maria Gutierrez v. Medtronic's plc; Covidien LP; John Doe (A through L); and Company (M through Z)*, as Docket

No. BER L-002257-22, is removed to the United States District Court, District of New Jersey at Newark.

                                              **SHOOK, HARDY & BACON L.L.P.**

Dated:  September 15, 2022        By: /s/ *Nicolai A. Schurko*
                                              Nicolai A. Schurko
                                              Two Commerce Square
                                              2001 Market Street, Suite 3000
                                              Philadelphia, PA 19103-7044
                                              Telephone: 215-278-2555
                                              Facsimile: 215-278-2594
                                              nschurko@shb.com

                                              *Attorneys for Defendants*
                                              *Medtronic plc and Covidien LP*