1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCann & McCann, Esqs.
Edmund V. McCann, Esq.
Attorney ID # 270321971
238 Main Street
Post Office Box 399 Ridgefield Park, NJ 07660
(201) 440-4880
(917) 270-7132 (direct line)
(201) 440-6392 (fax)
Email: emccann@mccann-mccann.com
*Attorney(s) for Plaintiff*

Rachel Schulman (Bar ID # 002532003)
Rachel Schulman, Esq. PLLC
10 Bond Street, Suite 143
Great Neck, NY 11023
(917) 270-7132
Email: rachel@schulmanpllc.com
*Of counsel*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| MARIA GUTIERREZ, individually and as Administratrix ad Prosequendum of the Estate of Hector Garcia Nunez, )<br><br>Plaintiff, )<br>v. )<br><br>MEDTRONIC PLC, MEDTRONIC, COVIDIEN LP, JOHN DOE (A through L), COMPANY (M through Z), these names being fictitious, )<br>Defendants. ) | 2:22-cv-5573-SDW-MAH<br><br>**AMENDED COMPLAINT**<br>(Pursuant to FRCP 15(a)(B)) |

_____

## **INTRODUCTION**

1.    Plaintiff, Maria Gutierrez ("**Maria**"), individually and as Administratrix ad

Prosequendum of the estate of her deceased husband, Hector Garcia-Nunez ("**Hector**") hereby

1

files the within action. Hector was employed by a printing company when he became afflicted with COVID-19 on April 3, 2020, Hector was hospitalized in Hackensack Meridian Hospital as a result of that affliction. Soon after his admission to the hospital, the treating doctors placed him on a Puritan Bennett 980 Series Ventilator ("**PB980**"). The ventilator used at the time was designed, manufactured, marketed, distributed and sold to Hackensack Meridian Hospital by Defendants Medtronic plc ("**Medtronic plc**"), Medtronic ("**Medtronic**") and Covidien LP ("**Covidien**"). PB980 Ventilators, often referred to as life support machines, are used in intensive care units to aid and assist patients who cannot breathe on their own. Throughout the course of the COVID-19 pandemic, and with consideration to the lung damage caused by the subject virus, many of the patients were placed on a ventilator in order to allow the machine to take over this vital body function and allow the patient to rest and to heal.

2. The PB980, which had been in service for many years, reputedly enabled patients to breathe more naturally through an innovative breath delivery technology system. There have been a series of previous recalls and updates related to the PB980. In 2015, the FDA issued the system a Class I recall as a result of an error that could cause air delivery volume to be lower than necessary. In 2018, a Class 1 recall was initiated due to software update to the external USB drive performance and its impact on graphical user interface ("**GUI**") functionality. The update also covered a labeling displayed on the GUI during ventilator use and included product enhancements. A defect in the operation of this type equipment would cause a patient to suffer a loss of ventilation which could result in serious adverse events such as hypercarbia (an increase of carbon dioxide in the blood), hypoxemia (an abnormally low amount of oxygen in the bloodstream), neurological injury, or death.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.      According to an FDA data base, a manufacturing assembly error was discovered in 2020 in which a capacitor, placed within the machine incorrectly, could cause the device to stop working properly or become entirely inoperable during use. If a ventilator is not working properly, a patient requiring breathing assistance may not get an adequate amount of oxygen and/or may not be able to properly expel carbon dioxide. This could cause significant injuries and death. In light of these risks, the FDA has classified this recall as a Class I recall, the most serious type of recall. In response to the device defect, Medtronic's North Haven, Connecticut-based Covidien unit initiated the recall for the PB 980 Series Ventilator on Nov. 4, 2021. Medtronic warned users to remove the affected ventilators from clinical service and to quarantine the affected ventilators until Medtronic technical service engineer had inspected and replaced the affected printed circuit board assemblies. As a result of the aforementioned defect in the PB980, Hector passed away.

## **JURISDICTION**

4.      Jurisdiction lies in this court pursuant to 28 U.S.C. § 1332, as a result of complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Defendant Medtronic Plc is a public limited company incorporated under the laws of Ireland with a principal place of business in Dublin, Ireland.

6.      Defendant Medtronic is and, at all times relevant to this action, has been a wholly owned subsidiary of Medtronic Plc. Medtronic has a registered agent in New Jersey at Corporation Service Company, Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd, Ewing, NJ,08628 and a principle place of business located at 710 Medtronic Parkway, LC300, Minneapolis, MN, 55432.

3

7.      Defendant Covidien LP is and, at all times relevant to this action, has been a Delaware limited partnership with its principal place of business in Massachusetts. Covidien has one general partner: Covidien Holding, Inc.

8.      Plaintiff, on behalf of herself and as Administrator Ad Prosequendum of Hector is, at all times relevant to this action, a resident of the state oof New Jersey.

9.      The basis of the within matter involves a product liability claim causing the death of Hector, a 58 year old man. The damages are anticipated to exceed or be well in excess of $75,000.

## VENUE

10.     The general venue statute contained in 28 U.S.C. § 1391 applies for product liability claims.  Venue in New Jersey is proper pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's cause of action occurred within this District, and Maria resides in this District.

## THE PARTIES

11.     Plaintiff, Maria Gutierrez is the surviving wife of Hector ("**Decedent**"), who passed away on April 24, 2020.

12.     Defendants are the designers, manufactures and distributors of the PB980.

## FIRST CLAIM FOR RELIEF
### (Product Liability - Design or Manufacturing Defect)
### (Against All Defendants)

13.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

14.     Hector became ill on April 3, 2020 with COVID-19 and was admitted to Hackensack Meridian Hospital. Shortly after admission, he was placed on the PB980 ventilator. Decedent was suffering with breathing issues.

15.     Decedent was the type of person for whom the ventilators were intended to be used.

4

16.     Defendants are engaged in the business of selling the products, manufactured and supplied ventilators and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

17.     Because of the improper installation of a capacitor as disclosed by the FDA, the PB980 ventilator supplied to Hector was defective in design and formulation and unreasonably dangerous when they left the hands of Defendants, the manufacturers and suppliers, and they reached the user and consumer of the products, Plaintiff, without substantial alteration in the condition in which they were sold.

18.     Due to the capacitor assembly error, the PB980 ventilator devices manufactured by Defendants were unreasonably and dangerously defective beyond the extent contemplated by ordinary medical personnel with ordinary knowledge regarding these products.

19.     Defendants' PB980 ventilators' defects were not disclosed due to inadequate predelivery inspection and/or inadequate clinical trials, in vivo and in vitro testing and study, and inadequate reporting regarding the results of such studies.

20.     The PB980 ventilators were defective due to the improper installation of a capacitor which was not discovered due to inadequate testing, or instruction because, after Defendants knew or should have known of the risk of injury from their ventilators. they failed to provide adequately assembled equipment to the medical community and patients and continued to promote the products as safe and effective.

21.     The product defects alleged above were a substantial contributing cause of the injuries suffered by Hector. Specifically, the defective ventilators caused him to suffer pain,

5

anguish, loss of future earnings, and loss of his life, and caused Maria to suffer the loss of her

husband, in addition, to substantial monetary losses and other damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly, severally and in

the alternative, for compensatory damages, plus interest, costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Strict Liability)
### (Against all Defendants)

22.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if

fully set forth herein.

23.    Decedent is within the class of persons that the Defendants should reasonably

foresee as being subject to the harm caused by defectively designed or assembled ventilators

because decedent was suffering from the condition that the product was intended to help and the

type of person for whom the PB980 was intended to be used.

24    Defendants, which are engaged in the business of selling the PB980 products,

manufactured and supplied and placed them into the stream of commerce in a defective and

unreasonably dangerous condition such that they should have foreseen that the risks exceeded the

benefits associated with the design and/or formulation of the products.

25.    The PB980 supplied to Plaintiff was defective in design and formulation, due to the

capacitor assembly error, and was unreasonably dangerous when it left the hands of Defendants,

the manufacturers and suppliers, and it reached the user and consumer of the products, Plaintiff,

without alteration in the condition in which it was sold.

26.    The PB980 manufactured by Defendants was unreasonably and dangerously

defective beyond the extent contemplated by ordinary medical personnel and patients with

ordinary knowledge regarding these products. Because the improperly installed capacitor could

6

cause the PB980 ventilator to stop working properly or stop working entirely, a patient requiring breathing assistance may not get an adequate amount of oxygen and/or may not be able to properly expel carbon dioxide. Consequently, the risk of harm from the use of the defective product far outweighed any benefit that could have resulted from its use.

27.    As a direct and proximate cause of the Defendants' negligence, the product defects alleged above were a substantial contributing cause of the injuries suffered by Decedent. The negligent assembly of the PB980 ventilators caused Decedent to suffer pain, anguish, loss of future earnings, and the loss of his life and Plaintiff to suffer the loss of her husband in addition to sustaining substantial monetary losses and other damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly, severally and in the alternative, for compensatory damages, plus interest, costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Product Liability: Failure to Warn)
### (Against all Defendants)

28.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

29.    Defendants manufactured ventilators and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

30.    Defendants' PB980 ventilators were defective due to inadequate warning and/or inadequate clinical trials, in vivo and in vitro testing and study, and inadequate reporting regarding the results.

31.    Defendants' PB980 ventilators were defective because of the due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of

7

the risk of injury from their ventilators, they failed to provide adequate warnings to the medical community and patients and continued to promote the ventilators as safe and effective.

32.     The defective or lack of warnings and labeling on the PB980 ventilators were substantial factors in bringing about the injuries to the Plaintiff. If defendants had provided complete and adequate warnings to Mr. Garcia-Nunez's medical personnel, they would have altered their treatment of decedent.

33.     As the direct and proximate cause of the defective condition of PB980 ventilators as manufactured and/or supplied by Defendants, and specifically their failure to warn, and their negligence, carelessness, other wrongdoing and actions described herein, Plaintiff and Decedent suffered those injuries and damages as described with particularity above.

34.     As a direct and proximate cause of the Defendants' negligence, Decedent has suffered, and Plaintiff has suffered the benefit of decedent's lost wages and lost earning capacity, both her own and decedent's mental distress and anguish and the loss of Decedent's life, and other damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly, severally and in the alternative, for compensatory damages, plus interest, costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
### (Loss of Consortium)
### (Against all Defendants)

35.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

36.     Plaintiff, Maria Gutierrez, was at all times relevant hereto, and now, the spouse of Decedent, and lived and cohabited with him.

8

37.    Maria has been caused, presently and in the future, to suffer the loss of her spouse's companionship, services, society and the marital relationship between husband and wife has been destroyed and devastated.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly, severally and in the alternative, for compensatory damages, plus interest, costs and attorneys' fees.

Respectfully submitted,

Dated: October 11, 2022
Great Neck, NY

/s/ Rachel Schulman

McCann & McCann, Esqs.
Edmund V. McCann, Esq.
Attorney ID # 270321971
238 Main Street
Post Office Box 399
Ridgefield Park, NJ 07660
(201) 440-4880
(917) 270-7132 (direct line)
(201) 440-6392 (fax)
Email: emccann@mccannmccann.com
*Attorney(s) for Plaintiff*

Rachel Schulman (Bar ID # 002532003)
Rachel Schulman, Esq. PLLC
10 Bond Street, Suite 143
Great Neck, NY 11023
(917) 270-7132
Email: rachel@schulmanpllc.com
*Of counsel*

9