**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARIA GUTIERREZ,** *individually and as Administratix ad Prosequendum of the Estate of Hector Garcia Nunez* | Civil Action No. 22-5573 (SDW) (MAH) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **MEDTRONIC PLC, et al.** | |
| **Defendants.** | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on the motions of Defendants Medtronic plc and Covidien LP (collectively, "Defendants") to dismiss Plaintiff Maria Gutierrez's Amended Complaint for ineffective service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Covidien LP's Mot. to Dismiss, Oct. 26, 2022, D.E. 10; Medtronic plc's Mot. to Dismiss, Oct. 26, 2022, D.E. 11. Medtronic plc additionally seeks to dismiss the Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1]

United States District Judge Susan D. Wigenton referred this matter to the Undersigned to issue a Report and Recommendation.[2] The Court has considered the motions without oral

---

[1] Covidien LP and Medtronic plc also seek to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because this Court concludes that service of process is insufficient as to both Defendants, and that it lacks personal jurisdiction over Medtronic plc, the Undersigned respectfully recommends that the District Court decline to consider the motion to dismiss pursuant to Rule 12(b)(6). *Khater v. Puzino Dairy, Inc.*, Civ. No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) ("Because courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue.").

[2] Magistrate judges may address dispositive motions by submitting a Report and Recommendation to the District Court. *Tucker v. Allied Pros. Ins. Co.*, Civ. No. 14-5977, 2015 WL 733665, at *2 (D.N.J. Feb. 20, 2015) (citing 28 U.S.C. § 535(b)(1)(A); Fed. R. Civ. P. 72; L.

1

argument.  Fed. R. Civ. P. 78; Local Civ. R. 78.1.  For the reasons set forth herein, the Undersigned respectfully recommends that the District Court grant Covidien LP's motion to dismiss for insufficient service of process without prejudice to Plaintiff effecting proper service on Covidien LP within thirty days.  The Undersigned also respectfully recommends that the District Court grant Medtronic plc's motions to dismiss for ineffective service of process, and for lack of personal jurisdiction.

## I.    BACKGROUND

Plaintiff Maria Gutierrez originally filed this matter in the Superior Court of New Jersey, Law Division, Bergen County on behalf of herself and as the administrator of the estate of her husband, Hector Garcia-Nunez.  The Complaint alleges negligence and products-liability claims based on the use of a ventilator in treating Hector Garcia-Nunez for COVID-19.  Plaintiff alleges that Mr. Garcia-Nunez contracted COVID-19 and was hospitalized in Hackensack Meridian Hospital on April 3, 2020.  Am. Compl., D.E. 9, ¶ 1.  During his stay at the hospital, Mr. Garcia-Nunez was placed on the Puritan Bennett 980 Series Ventilator (the "Ventilator").  *Id.*

Plaintiff contends that the Ventilator was defective when the hospital used it to treat Mr. Garcia-Nunez.  She alleges that in 2020, in addition to previous recalls, the FDA issued a Class I recall to fix a "manufacturing assembly error . . . in which a capacitor, placed within the machine incorrectly, could cause the device to stop working properly or become entirely inoperable during use."  *Id.* ¶ 3.  Thus, Plaintiff claims the capacitor defect caused Mr. Garcia-Nunez's death.  *Id.*  Plaintiff alleges that the Ventilator was "designed, manufactured, distributed and

---

Civ. R. 72.1(c)(2)); *see also, e.g., Thomas v. Vinculum Grp. Ltd.*, Civ. No. 15-3194, 2015 WL 13504683, at *1 (D.N.J. Dec. 23, 2015) (adopting Magistrate Judge Clark's Report and Recommendation on a motion to dismiss based on personal jurisdiction).  As such, the Undersigned addresses Defendants' motions via Report and Recommendation.

sold" to the hospital by Defendants Medtronic plc, Medtronic, and Covidien LP.  *Id.* ¶ 1.  Count I

alleges a design or manufacturing defect.  *Id.* ¶¶ 13-21.  Count II alleges strict liability.  *Id.* ¶¶

22-27.  Count III alleges Defendants failed to warn Plaintiff of the dangers of the Ventilator.  *Id.*

¶¶ 28-34.  Lastly, Count IV alleges loss of consortium.  *Id.* ¶¶ 35-37.

      After purportedly being served with process on August 17, 2022, Defendants removed

this action on September 15, 2022, pursuant to 28 U.S.C. § 1332.  Aff. of Service, D.E. 1-2, at

15; Notice of Removal, D.E. 1, ¶¶ 4, 7-16 (alleging that there is complete diversity of citizenship

among the parties and the amount in controversy exceeds $75,000).  In lieu of answering,

Defendants Covidien LP and Medtronic plc each moved to dismiss the Complaint on September

22, 2022.  Medtronic plc's Mot. to Dismiss, D.E. 4; Covidien LP's Mot. to Dismiss, D.E. 5.

However, Plaintiff thereafter requested to amend the Complaint, and filed the Amended

Complaint on October 12, 2022.  Am. Compl., D.E. 9.  Plaintiff's Amended Complaint is the

operative pleading in this matter.  Defendants renewed their motions after Plaintiff filed the

Amended Complaint.

## II.    DEFENDANTS' MOTIONS TO DISMISS FOR INSUFFICIENT SERVICE

      Covidien LP and Medtronic plc both challenge the adequacy of Plaintiff's service of

process.  Accordingly, the Court first considers Plaintiff's efforts to effect service of process on

each Defendant.

### A.  Defendant Covidien LP

      The record reflects that one Affidavit of Service was affixed to the Notice of Removal for

both Defendants.  The Affidavit of Service states that the process server served Dorothy

Cocozziello ("Cocozziello") at 51 James Way, Eatontown, New Jersey, with a copy of the

original Summons, Complaint, Track Assignment Notice and Civil Case Information Statement,

on August 17, 2022.  Aff. of Service, D.E. 1-2, at 15.  The Affidavit reflects that the entity to be

served was: "Medtronic's plc a/k/a Meditron [sic] Devices Inc."  *Id.*  The process server

indicated that he "[l]eft a copy with a person authorized to accept service, e.g., managing agent,

registered agent, etc."  *Id.*  In the section of the Affidavit to indicate the official title of the

service recipient, the process server wrote "Authorized Agent."  *Id.*  Apart from the

aforementioned Affidavit, no additional affidavit of service was provided for Covidien LP.

Covidien LP argues that service of process was deficient under Federal Rule of Civil

Procedure 4(h)(1) because Plaintiff's process server left a copy of the Summons and Complaint

with a non-managerial employee.  Covidien LP's Br. in Supp., D.E. 10-1, at 16-17.  In

opposition, Plaintiff does not address whether service was proper.  Instead, Plaintiff argues that

her claims are not preempted, and that Covidien LP is not entitled to immunity from suit.  Pl.'s

Opp'n to Covidien LP's Mot., D.E. 16, at 2-9.  In reply, Covidien LP reiterates its previous

arguments and also asserts that Plaintiff has waived any arguments as to service by failing to

oppose Covidien LP's motion on that point.  Covidien LP's Reply Br., D.E. 21, at 12.

Neither Plaintiff nor Covidien LP provided any detail as to the process recipient's

authority to receive service and that individual's relationship with Covidien LP or any Defendant

in this matter.  Thus, the Undersigned ordered the parties to submit supplemental memoranda

providing more detail concerning the service of process and the recipient's authority to receive

such process.  Order, Dec. 6, 2022, D.E. 20.[3]

In its supplemental briefing, Covidien LP declares that Cocozziello is not a Covidien LP

employee, but instead, is employed by "Medtronic, Inc.," an entity separate and apart from

---

[3] Plaintiff submitted supplemental briefing on December 15, 2022.  Pl.'s Suppl. Br. in Supp. of
Process, D.E. 23.  Covidien LP submitted its supplemental briefing on December 16, 2022.
Covidien LP's Suppl. Br. in Opp'n of Process, D.E. 24.

Covidien LP.  Covidien LP's Suppl. Br. in Opp'n of Process, D.E. 24, at 2.  Plaintiff argues that Cocozziello "identified herself as an authorized agent at Defendants' office at 51 James Way in Eatontown, New Jersey."  Pl.'s Suppl. Br. in Supp. of Process, D.E. 23, at 5.

The party asserting the validity of the purported service, here Plaintiff, bears the burden of proving such service was proper.  *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121-22 (3d Cir. 2018) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).  Under Rule 12(b)(5), district courts may dismiss a complaint for insufficient service of process.  *Cephalon, Inc. v. Sun Pharma. Indus., Inc.*, Civ. No. 11-5474, 2011 WL 6130416, at *1 (D.N.J. Dec. 7, 2011).  In lieu of dismissal, however, a court may, in its discretion, quash service of process.  *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."); *Adam Tech. LLC v. Well Shin Tech. Co., Ltd.*, Civ. No. 18-10513, 2021 WL 141371, at *6 (D.N.J. Jan. 15, 2021) (noting that rather than dismiss an action for failure to effectuate proper service, courts generally give plaintiff acting in good faith additional time to properly serve defendant).  This is particularly true where there "is a reasonable prospect that service may yet be obtained."  *Umbenhauer*, 969 F.2d at 30.

A plaintiff wishing to serve a corporation and partnership in the United States must serve that entity:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1); *see also Granger v. Am. E-Title Corp.*, Civ. No. 10-4627, 2013 WL 1845338, at *5 (D.N.J. Apr. 10, 2013), *report and recommendation adopted*, Civ. No. 10-4627, 2013 WL 1845144 (D.N.J. May 1, 2013).

Under Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), service may be effected on an individual "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A); *Stott v. Split Decision Music, LLC*, Civ. No. 20-14916, 2021 WL 4551607, at *4 n.5 (D.N.J. Oct. 5, 2021). Therefore, the Court looks to the New Jersey rules for service. Under New Jersey Court Rule 4:4-4(a)(5), service on a partnership must be effected by "serving a copy of the summons and complaint . . . [on] a general partner." If the general partner is a corporation, service must be made on "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." *Id.* 4:4-4(a)(6). If service cannot be effected on any of the aforementioned persons, then service may be made "on a person at the principal place of business of the corporation in [New Jersey] in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law." *Id.* On the other hand, Rule 4(h)(1)(B) clearly directs service to be made upon an officer or agent of the corporation. Fed. R. Civ. P. 4(h)(1)(B).

Generally, "the mere acceptance 'of service by an employee other than an officer, director, trustee, or managing or general agent, does not establish that the employee had authority to accept service.'" *Khater*, 2015 WL 4773125, at *6 (quoting *Lee v. Genuardi's Family Markets, L.P.*, Civ. No. 10-1641, 2010 WL 2869454, at *3 (D.N.J. July 19, 2010)

(internal quotation marks and alterations omitted)).  Instead, the plaintiff must show that the receiver of process had agency authority for such receipt.  *Cephalon, Inc.*, 2011 WL 6130416, at *4 (requiring plaintiff to show the alleged agent had "specific authority, express or implied").  In New Jersey, however, service upon a corporation's employee may nevertheless satisfy Rule 4(h) when that individual is "so integrated with the organization that he will know what to do with the papers and that he or she will stand in a position as to render it fair, reasonable and just to imply the authority to receive service."  *Ceus v. N.J. Laws. Serv., LLC*, Civ. No. 19-17073, 2021 WL 1788518, at *2 (D.N.J. May 5, 2021) (quoting *O'Connor v. Altus*, 335 A.2d 545, 556 (N.J. 1975) (hereinafter the "*O'Connor v. Altus* test")).

Covidien LP is a limited partnership.  Its general partner, however, appears to be Covidien Holding, Inc., a corporation.  Am. Compl., ¶ 7.  As such, Plaintiff was required to serve an officer or agent of the corporation, or an individual authorized to receive service.  N.J. Ct. R. 4:4-4(a)(6).  Alternatively, under Rule 4(h)(1)(B), Plaintiff could have served "a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff has had ample opportunity to prove that service upon Covidien LP was proper, but she offers little to satisfy her burden.[4]  Plaintiff's initial opposition papers failed to oppose Covidien LP's Rule 12(b)(5) argument, and her supplemental memorandum merely repeats the contents of the Affidavit of Service.  She states that the process server "personally delivered by

---

[4] For example, Plaintiff fails to include a Declaration, Affidavit, Certification, or any other evidence that would bolster her contention that service was proper.  *Cf. Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985) ("Legal memoranda . . . are not evidence and [they] cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion.").

hand service . . . the Summons and Complaint, . . . to Ms. Dorothy Cocozziello who identified herself as an authorized agent at Defendants' office at 51 James Way in Eatontown, New Jersey." Pl.'s Suppl. Br. in Supp. of Process, D.E. 23, at 5. Plaintiff also argues that no party has challenged Cocozziello's authority or ability to accept or receive service. *Id.* Plaintiff further notes that service was proper because Covidien LP received the summons and complaint and was aware of the lawsuit. *Id.* at 4. Plaintiff, however, fails to offer any additional evidence.

The Court finds that Plaintiff has not satisfied her burden in proving that service of process was sufficient as to Covidien LP. Even though the Affidavit of Service refers to Cocozziello as an "Authorized Agent," the Affidavit (and Plaintiff's briefing) provides no detail as to her position within the organization or her authorization to receive service. More importantly, Cocozziello does not appear to be an employee of Covidien LP. Cocozziello Decl., D.E. 24-1, ¶¶ 3-4 (declaring that Cocozziello is an "Administrative Assistant III" of "Medtronic, Inc.," a party that is not currently before the Court in this action). Cocozziello further declares that she is not authorized to accept service of legal documents, and is not an agent of any corporate entity, let alone of the Defendants in this case. *Id.* ¶¶ 4-7, 13. She certainly does not appear to be a director, officer, or agent of Covidien LP. *Id.* ¶ 5 ("I am not an officer, director, trustee, or managing or general agent of Covidien LP, Medtronic, Inc., Medtronic plc, or any other corporate entity."). In addition, Cocozziello declares that the process server did not inquire whether she was authorized to accept service, nor did the process server inform her of the contents of the package he sought to leave. *Id.* ¶¶ 8-12. Thus, Plaintiff's service on Cocozziello, a non-managerial employee of Medtronic, Inc., is improper as to Covidien LP.

In addition, Plaintiff cannot avail herself of the opportunity to effectuate service under the latter portion of New Jersey Court Rule 4:4-4(a)(6), which reads: "or, if service cannot be made

on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties." By its very language, Rule 4:4-4(a)(6) contemplates that a plaintiff must at least attempt service on an agent or officer of the corporation before effectuating service on other persons. Other than attempting to serve Cocozziello, a non-Covidien LP, non-managerial employee, Plaintiff offers no argument or evidence that she first attempted to serve an officer or agent of Covidien LP. Therefore, service under this portion of the rule would likewise be improper.

Although no party addresses whether service is proper under the two-prong test set forth in *O'Connor v. Altus*, for the sake of completeness, the Undersigned addresses whether Plaintiff's service satisfies that test. *See Ceus*, 2021 WL 1788518, at *2 (considering the *O'Connor v. Altus* test even though Plaintiff failed to prove service through the traditional service analysis). In *O'Connor*, the New Jersey Supreme Court held that service may be effected upon a corporation's employees who are not executives or managing agents, if: (a) the recipient of service is "so integrated with the organization that he will know what to do with the papers[;]" and (b) "he or she would stand in a position so as to render if fair, reasonable and just to imply the authority to receive service." 335 A.2d at 556.

The record before the Court does not support the conclusion that Cocozziello is "so integrated" with Covidien LP so as to know what to do with the papers she received from the process server. Nor can the Court conclude that Cocozziello would stand in a position to render if "fair, reasonable and just to imply the authority to receive service." *Id.* Again, Cocozziello declares that she is not employed by Covidien LP at all, the process server did not inquire whether she was authorized to accept service, and the process server did not explain the contents

of the package for which he requested a signature.  Cocozziello Decl., D.E. 24-1, ¶¶ 3, 8-12.

Cocozziello's declaration, particularly when considered against the vagueness of the Affidavit of

Service and Plaintiff's unsupported arguments, compel this Court to conclude that Plaintiff has

not satisfied her burden in proving that service is proper under either the traditional service test,

or the *O'Connor v. Altus* test.

  For the foregoing reasons, the Undersigned respectfully recommends that the District

Court grant Covidien LP's motion to dismiss for insufficient service of process.  However, the

Undersigned recommends that the District Court grant the motion without prejudice and with

leave to properly serve Covidien LP within thirty days, because there is a "reasonable prospect"

that service may be effected on Covidien LP, a United States organization.  *Umbenhauer*, 969

F.2d at 30; *Adam Tech. LLC*, 2021 WL 141371, at *6.

### B.  Defendant Medtronic plc

  Plaintiff offers the same Affidavit of Service for Covidien LP as to Medtronic plc.  To

reiterate, the process server served Cocozziello, a purported "Authorized Agent" of the

Defendants, on August 17, 2022, intending to effect service on "Medtronic's plc a/k/a Meditron

[sic] Devices Inc."  Aff. of Service, D.E. 1-2, at 15; *see also supra* Section II.A.

  Defendant Medtronic plc argues that service of process was deficient.  Medtronic plc

contends that as a foreign corporation, Plaintiff's service of process under Rule 4(h)(1)(A) on an

independent subsidiary of a foreign corporation is insufficient under New Jersey law.  Medtronic

plc's Br. in Supp., D.E. 11-1, at 14.  Medtronic plc also argues that under Rule 4(h)(1)(B),

service of process must be on an agent or officer of a corporation, which Covidien LP is not.  *Id.*

Lastly, Medtronic plc argues that service was improper because Plaintiff served a non-

managerial employee.  *Id.* at 14-15.

In opposition, Plaintiff argues that service was proper as to Medtronic plc because service on a subsidiary is adequate as to its parent. *Id.* at 9-10.  In reply, Medtronic plc restates its argument that Plaintiff did not properly serve it with process.  Medtronic plc's Reply Br., D.E. 22, at 3-8.

Medtronic plc is a foreign corporation.  *See* Decl. of Tom Osteraas, D.E. 11-3, ¶ 3 ("Medtronic plc is a holding company organized under the laws of Ireland and headquartered in Dublin, Ireland."); Am. Compl., D.E. 9, ¶ 5 (same).  However, no party addresses service on a foreign corporation not within any judicial district of the United States.  Fed. R. Civ. P. 4(h)(2).  That Rule provides that corporations may be served "at a place not within any judicial district of the United States" according to Rule 4(f).  Fed. R. Civ. P. 4(h)(2).  Rule 4(f), in turn, provides that service on a foreign individual may be effected:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hauge Convention on the Service Abroad of Judicial and Extrajudicial Documents; . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The United States and Ireland are both signatories to the Hague Convention.  *See* https://www.hcch.net/en/states/hcch-members (last visited December 21, 2022).  As such, Plaintiff was required to serve Medtronic plc through the procedures outlined in the Hague Convention, or through other means not prohibited by international agreement, provided that the Court approved such method.  Under the Hague Convention, that would require Plaintiff to serve process through the Central Authority of Ireland pursuant to Articles 2 through 6 of the Hague Convention.  *Convention Done at the Hague Nov. 15, 1965*, arts. 2 through 6, 20 U.S.T. 361; *see*

also *GCIU-Emp. Ret. Fund v. Coleridge Fine Arts*, Civ. No. 14-2303, 2015 WL 622327, at *1

(D. Kan. Feb. 12, 2015).  Neither party argues, or presents any evidence, as to whether service

was effected pursuant to Rule 4(f).  However, there appears to be no dispute that Plaintiff did not

do so here.  Plaintiff provides no support that she proceeded through the Central Authority of

Ireland.  To the contrary, she relies solely on the Affidavit of Service detailing service on

Dorothy Cocozziello.  Nor did Plaintiff apply to this Court to serve Medtronic plc through

alternative means not prohibited under the Hague Convention.  Accordingly, the record before

the Court leads it to conclude that service was improper under Rule 4(f).

The Court also addresses Medtronic plc's argument that service was improper because

Plaintiff served its domestic subsidiary, Covidien LP.  As discussed above, *supra* Section II.A,

service of process upon a foreign corporation in the United States must be made on an officer or

agent of the foreign corporation who is authorized by appointment or by law to receive it.  *See*

*also Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., Inc.*, Civ. No. 05-4353, 2006 WL

2224416, at *3-4 (D.N.J. Aug. 1, 2006).  To properly serve a foreign corporation through its

subsidiary, New Jersey law requires that the plaintiff prove the subsidiary is an alter ego or agent

of the parent.  *See Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 513 (D.N.J. 2008) (stating

that "service on a wholly owned subsidiary confers jurisdiction over the foreign parent only if

the subsidiary is an alter ego or agent of the parent") (citing *Patent Incentives, Inc. v. Seiko*

*Epson, Corp.*, Civ. No. 88-1407, 1988 WL 92460 (D.N.J. Sept. 6, 1988)).

Medtronic plc's Legal Director concedes in his declaration that Medtronic plc is the

parent company of Covidien LP.  Decl. of Tom Osteraas, D.E. 11-3, ¶ 2.  However, New Jersey

law requires more than the allegation of a parent-subsidiary relationship among the parties.

*Crespi v. Zeppy*, Civ. No. A-2044-20, 2022 WL 815429, at *4 (N.J. Super. Ct. App. Div. Mar.

18, 2022) ("[S]imply being a subsidiary is not enough to establish proper service on the parent."). Indeed, when considering whether a subsidiary is acting as its parent's agent, courts consider:

> (1) whether the subsidiary is doing business in the forum that would otherwise be performed by the parent; (2) whether there is common ownership of the parent and subsidiary; (3) whether there is financial dependency; and (4) whether the parent interferes with the subsidiary's personnel, disregards the corporate formalities, and/or controls the subsidiary's marketing and operational policies.

*Dewey*, 558 F. Supp. 2d at 513.

Here, Plaintiff has failed to show that Covidien LP acts as an agent, or is the alter ego, of Medtronic plc. Plaintiff has also not shown that Covidien LP is Medtronic plc's actual agent. In addition, as the Court found above, service as to Covidien LP was improper. Therefore, service as to Medtronic plc would likewise be improper.

Lastly, the Court cannot conclude that Plaintiff has satisfied the *O'Connor v. Altus* test as to Medtronic plc. It is entirely unclear whether Ms. Cocozziello—an administrative assistant at Medtronic, Inc.—would be "so integrated" with Medtronic plc so as to know what to do with its papers. In fact, Plaintiff has not provided any information or detail as to Medtronic, Inc.[5] Further, as discussed above, Cocozziello declares that she lacks authority to accept legal documents, and is not an agent of any company. Cocozziello Decl., D.E. 24-1, ¶¶ 4-7, 13. Therefore, it would not be reasonable to infer that Cocozziello had authority to accept service for

---

[5] Plaintiff names "Medtronic" in her Amended Complaint and alleges that it is a wholly owned subsidiary of Medtronic plc. Am. Compl., D.E. 9, ¶ 6. Save for this conclusory allegation, however, Plaintiff offers no further evidence as to the relationship between Medtronic plc and "Medtronic". Additionally, Medtronic plc avers that Defendant "Medtronic" is "not a legal entity" (though not through any Declaration or credible evidence). The Court cannot find with any reasonable certainty based on the record before it, that the parties are closely related.

Medtronic plc. Accordingly, the Court finds that service of process upon Defendant Medtronic plc was improper and respectfully recommends that the District Court dismiss the Amended Complaint as to it.[6]

### III. PERSONAL JURISDICTION AS TO DEFENDANT MEDTRONIC PLC

In the interest of completeness, the Court also addresses Medtronic plc's motion to dismiss for lack of personal jurisdiction. Medtronic plc argues that this Court does not have personal jurisdiction over it, both because it is not "at home" in New Jersey, and because it did not purposefully direct any activities towards New Jersey. Medtronic plc's Br. in Supp., D.E. 11-1, at 10-13. In opposition, Plaintiff argues that personal jurisdiction is proper over the organization because Medtronic plc put the ventilator at issue into the stream of commerce, thereby subjecting itself to the laws of New Jersey. Pl.'s Br. in Opp'n to Medtronic plc's Mot., D.E. 17, at 6-9.

Where a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Procedure 12(b)(2), the plaintiff bears the burden of proving, by a preponderance of the evidence, that personal jurisdiction is proper over the moving party. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998). Where a court does not hold an evidentiary hearing on the motion to dismiss, as is the case here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Unlike a motion to dismiss for failure to state a claim, a plaintiff may not rely solely on pleadings for contests of personal jurisdiction, but must establish jurisdictional facts through sworn affidavits or other competent evidence. *See, e.g., Time Share Vacation Club v. Atl.*

---

[6] The Court's conclusion that it lacks personal jurisdiction over Medtronic plc, *infra* Section III, moots consideration of whether to grant Medtronic plc's motion to dismiss for ineffective service of process without prejudice.

*Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984); *Sciore v. Phung*, No. 19-13775, 2022 WL 950261, at *4 (D.N.J. Mar. 30, 2022) (quoting *Weber v. Jolly Hotels*, 977 F. Supp. 327, 331 (D.N.J. 1997)).  The Court, at the same time, must draw a plaintiff's allegations as true, and all factual disputes in their favor.  *Miller Yacht Sales, Inc.*, 384 F.3d at 97 (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).

A district court generally exercises personal jurisdiction according to the law of the state in which it sits.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  The exercise of personal jurisdiction is normally a two-part inquiry.  That is, there must be a state statutory basis for exercising jurisdiction over a non-resident defendant as well as a constitutional basis whereby the minimum contacts between the non-resident and the forum state satisfy due process under the Fourteenth Amendment.  *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  However, New Jersey state law provides for jurisdiction to the fullest extent permitted by the United States Constitution.  Therefore, the court's inquiry into whether personal jurisdiction exists over a non-resident defendant concerns only questions of due process.  *Carteret Sav. Bank, FA*, 954 F.2d at 145; *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971).

Personal jurisdiction may be exercised under two distinct theories: general or specific jurisdiction.  *O'Connor*, 496 F.3d at 317.  Plaintiff does not argue that this Court has general jurisdiction over the Defendants.[7]  The Court thus considers whether Medtronic plc is subject to specific personal jurisdiction.

---

[7] General personal jurisdiction exists when the evidence shows that a defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  For general personal jurisdiction, courts consider, among other factors, whether a defendant's personnel or facilities are located in the forum state and whether a defendant advertised or solicited business there.  *See*

Specific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely avails itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant "should reasonably anticipate being haled into court there." *Mellon Bank (East) PSFS, Nat'l Ass'n v.* Farino, 960 F.2d 1217, 1221-22 (3d Cir. 1992) (internal citations and quotations omitted). In the Third Circuit, courts conduct a three-part inquiry to determine whether specific personal jurisdiction exists: (i) whether the defendant "purposely directed" activities at the forum state; (ii) whether the plaintiff's core claim arises out of or relates to "at least one of those specific activities;" and, if those two requirements are met, whether (iii) exercising jurisdiction over the non-resident defendant "comport[s] with fair play and substantial justice." *See O'Connor*, 496 F.3d at 317 (internal citations and quotations omitted).

As a threshold requirement, plaintiff must prove that the defendant purposefully availed itself of the privilege of conducting activities within the forum State." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 102 (3d Cir. 2009) (quoting *Hanson v. Denckla,*

---

*BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 262 (3d Cir. 2000). Courts may exercise general jurisdiction over foreign corporations if that corporation's affiliations with the forum are so "continuous and systematic" so as to render them "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A corporation is "at home" where incorporated and where it maintains a principal place of business. *Id.* at 924. Here, as Plaintiff concedes, Medtronic plc is "incorporated under the laws of Ireland with a principal place of business in Dublin, Ireland." Am. Compl., D.E. 9, ¶ 5; *see also* Decl. of Tom Osteraas, D.E. 11-3, ¶¶ 3-4. Further, Medtronic plc's Legal Director declares that Medtronic plc does not solicit sales in New Jersey, nor does it advertise, market, or offer services for sale in New Jersey. Decl. of Tom Osteraas, D.E. 11-3, ¶¶ 5-6. Thus, the Court finds that Medtronic plc's contacts with the forum are not "continuous and systematic" because Plaintiff has not shown—through any credible evidence—that Medtronic plc has personnel or facilities located in New Jersey, that Medtronic plc solicits business there, or that Medtronic plc is "at home" in New Jersey.

357 U.S. 235, 253 (1958)).  While physical entrance is not necessary, a defendant's contacts

must be such that they amount to a "deliberate targeting of the forum."  *Id.* (quoting *O'Connor*,

496 F.3d at 317).  Accordingly, "the 'unilateral activity of those who claim some relationship

with a nonresident defendant' is insufficient."  *O'Connor*, 496 F.3d at 317 (quoting *Hanson*, 357

U.S. at 253); *see also Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 353

(D.N.J. 1998) (stating that "[a] single, unsolicited contact, random or fortuitous acts or the

unilateral acts of others (including the plaintiff) do not constitute a purposeful connection

between the defendant and the forum state").

Here, Plaintiff argues that this Court may assert personal jurisdiction over Medtronic plc

based on the stream-of-commerce theory of personal jurisdiction.  Pl.'s Br. in Opp'n to

Medtronic plc's Mot., D.E. 17, at 8-9.  More specifically, Plaintiff argues that Medtronic plc's

placement of the Ventilator into the stream-of-commerce would reasonably place it on notice

that it may be haled into court in the forum.  *Id.* at 9.  Plaintiff also appears to argue that

Medtronic plc's relationship with Covidien LP supplies a proper basis to exercise personal

jurisdiction over Medtronic plc.  *Id.* at 9-10 (arguing that "purposeful availment" is present

where a foreign parent company has a significant relationship with its domestic subsidiary).

Plaintiff fails to satisfy the first inquiry.  She has not shown that Medtronic plc

deliberately targeted the forum or purposefully availed itself of the laws of the forum state.  As

an initial matter, Plaintiff has failed to supply any credible evidence, other than her pleadings, to

bolster her contention that personal jurisdiction exists over Medtronic plc.  *See Time Share*

*Vacation Club*, 735 F.2d at 66 n.9.  Instead, Plaintiff relies on bare assertions in her Opposition

Brief to argue that Medtronic plc is connected to New Jersey.  *See, e.g.,* Pl.'s Br. in Opp'n to

Medtronic plc's Mot., D.E. 17, at 5 (arguing, without support, that Medtronic plc (i) "maintains

offices throughout 150 countries . . . including many in the United States," and (ii) "markets numerous products . . . to innumerable hospital and medical facilities located throughout the United States and particularly in New Jersey").  Because Plaintiff bears the burden of proving personal jurisdiction through competent evidence, and Plaintiff has not done so here, the Court cannot find with any reasonable certainty that Medtronic plc is connected to New Jersey in such a way that Medtronic plc could reasonably anticipate being haled into court in this state.

Additionally, the record does not support the conclusion that Medtronic plc has "purposely directed" activities at New Jersey.  On this point, Plaintiff argues that Medtronic plc deliberately targeted the forum by "intend[ing] that its voluminous product line be distributed and sold through its subsidiary, Covidien, to multiple end users throughout New Jersey" and "Medtronic, as the parent corporation, arguably controls Covidien."  Pl.'s Br. in Opp'n to Medtronic plc's Mot., D.E. 17, at 10-11.  But as Plaintiff acknowledges, that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant that is purposefully directed toward the forum State."  *See Asahi Metal Indus. Co., Ltd. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 112 (1987); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 750, 780 (3d Cir. 2018) (stating that to prove jurisdiction under the stream-of-commerce theory in the Third Circuit, it is necessary to meet the requirement of purposeful availment: "what is necessary is a deliberate targeting of the forum").  Plaintiff has not shown that Medtronic plc purposefully directed its activities toward New Jersey, such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State."  *Asahi Metal Indus. Co., Ltd.*, 480 U.S. at 112.  On the other hand, Medtronic plc's Legal Director declares that:

(i)     Medtronic plc has no presence in New Jersey and does not solicit sales in New Jersey;

(ii)    Medtronic plc does not advertise, market, or offer services for sale in New Jersey;

(iii)   Medtronic plc does not have an office or mailing address in New Jersey, and it does not own, lease, manage, or maintain property in New Jersey;

(iv)    Medtronic plc does not have employees in New Jersey;

(v)     Medtronic plc has never registered or qualified to conduct business in New Jersey, does not transact business in New Jersey, and, for that reason, has no agent for service of process in New Jersey;

(vi)    While Medtronic plc has officers and board of directors and employees, none of these individuals are located in New Jersey.

Decl. of Tom Osteraas, D.E. 11-3, ¶¶ 5-10.  Thus, the record before the Court provides no credible evidence that Medtronic plc purposefully directs its activities toward New Jersey.

Plaintiff relies on *Rickman v. BMW of North America LLC*, 538 F. Supp. 3d 429 (D.N.J. 2021) for the proposition that Medtronic plc's relationship with Covidien LP supplies a basis for the Court to exercise personal jurisdiction over Medtronic plc.  It is true that the *Rickman* court found personal jurisdiction over a foreign corporation based on its U.S. subsidiary.  But *Rickman* is distinguishable.  First, the foreign parent company in *Rickman* manufactured the product at issue, whereas Medtronic plc does not manufacture the Ventilator at issue here.  *See Rickman*, 538 F. Supp. 3d at 437-38 (finding that the foreign-parent-company developed and marketed the cars specifically to serve the American market through its domestic subsidiary); *contra* Decl. of Tom Osteraas, D.E. 11-3, ¶ 11 ("Medtronic plc did not design, manufacture, sell, market, distribute, or issue warnings regarding the alleged ventilator at issue in this case[.]").  Second, the court in *Rickman* found that foreign parent company had an "intense focus and investment . .

19

. on the American Market," which made it plausible that there had been "significant coordination" between the entities.  *Rickman*, 538 F. Supp. 3d at 438.  Plaintiff does not show such a link here.

Medtronic plc is a foreign holding company.  Decl. of Tom Osteraas, D.E. 11-3, ¶ 3.  Medtronic plc's Legal Director declares that it was not involved in bringing the Ventilator to the U.S. market, let alone to New Jersey.  *Id.* ¶ 11; Def. Medtronic plc's Br. in Supp., D.E. 11-1, at 7-8.  Plaintiff's only attempt to refute that argument is that Medtronic plc "arguably controls Covidien" and that Medtronic plc markets products through "a myriad of subsidiaries."  Pl.'s Br. in Opp'n to Medtronic plc's Mot., D.E. 17, at 5, 11.  But these vague assertions, without any supporting credible evidence, is not enough.  There is no evidence before the Court that Medtronic plc directed American distribution and marketing subjects through its subsidiary to New Jersey.  Thus, the ties that linked the parent-subsidiary defendants in *Rickman* are lacking here.

For these reasons, the Undersigned recommends that the District Court grant Medtronic plc's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

## IV.    CONCLUSION

For the reasons stated herein, the Undersigned respectfully recommends that the District Court grant Covidien LP's motion to dismiss for insufficient service of process, without prejudice to Plaintiff effecting proper service on Covidien LP within thirty days.  The Undersigned also respectfully recommends that the District Court grant Medtronic plc's motions to dismiss for ineffective service of process, and for lack of personal jurisdiction.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)(2).

**Date**: January 5, 2023

*s/ Michael A. Hammer*_____
**Hon. Michael A. Hammer, U.S.M.J.**